**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**KATHY ANDERSON LAMB**  **PLAINTIFF**

**V.**  **CIVIL ACTION NO.: 1:08CV254-SA-JAD**

**BOONEVILLE SCHOOL DISTRICT**  **DEFENDANT**

**MEMORANDUM OPINION**

Presently before the Court is Defendant's Motion to Dismiss under Rule 12(b)(1)/Alternatively for Partial Summary Judgment [9] and Plaintiff's Motion to Voluntarily Dismiss State Law Claims Without Prejudice [15]. The Court finds as follows:

Plaintiff, Kathy Anderson Lamb, filed this action to recover actual damages, injunctive relief, and reasonable attorneys' fees alleging that Defendant violated her rights under the First Amendment to the federal constitution, the Age Discrimination in Employment Act, and a supplemental state law claim is made for wrongful termination in violation of public policy. According to Plaintiff, she was terminated from her employment as a teacher with the Booneville School District for refusing to administer corporal punishment to a severely autistic child.

Defendant filed its Motion to Dismiss only to the supplemental state law claim. Defendant asserts that Plaintiff's state law claim should be dismissed and sanctions imposed, because Plaintiff did not give pre-suit notice of the claim as required by the Mississippi Tort Claims Act [MTCA]. Plaintiff, in turn, filed a Motion to Voluntarily Dismiss State Law Claim Without Prejudice [15]. Although Plaintiff concedes that she did not give Defendant pre-suit notice of her state law claim under the MTCA, she does not concede such notice was required. Specifically, Plaintiff argues there is controlling authority that her wrongful discharge claim, under McArn v. Allied Bruce Terminix

Co., 626 So. 2d 603, 607 (Miss. 1993), is a claim sounding in contract rather than tort, such that the MTCA is inapplicable. Nevertheless, Plaintiff, out of the abundance of caution, requests this Court dismiss her state claim without prejudice and offers that she may seek to amend her Complaint to bring the wrongful termination claim after Booneville School District is provided with notice under the MTCA.

After reviewing the case law provided by both parties, the Court finds that Plaintiff's claim for wrongful termination indeed is covered by the MTCA and thus, notice is required. Although the MTCA does not apply to "pure contract actions," it does apply to claims for tortious breach of contract:

> The clear intent of the legislature in enacting [the Tort Claims Act] was to immunize the State and its political subdivisions from any tortious conduct, including tortious breach of . . . contract.

City of Grenada v. Whitten Aviation, Inc., 755 So. 2d 1208, 1213 (Miss. Ct. App. 1999). Similar to the case at hand, the plaintiff in Taylor v. City of Jackson alleged state law claims of wrongful termination, breach of contract, and intentional/negligent infliction of emotional distress. 2007 WL 2122470, *3 (S.D. Miss. July 20, 2007). The district court specifically held, that "Plaintiff's tort claims of wrongful termination and intentional/negligent infliction of emotional distress, because they are alleged against a governmental entity, are governed by MTCA." Id. at *4.

The MTCA establishes prerequisites that plaintiffs must meet in order to maintain an action against a government entity. One such prerequisite is a notice requirement:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-1 (1) (Rev. 2002). The notice-of-claim requirement "'imposes a condition precedent to the right to maintain an action.'" Miss. Dep't of Pub. Safety v. Stringer, 748 So. 2d 662, 665 (Miss. 1999) (quoting Carr v. Town of Shubuta, 733 So. 2d 261, 265 (Miss. 1999)). The ninety-day notice requirement is jurisdictional. Id. The Mississippi Supreme Court has held that "the ninety-day notice requirement under section 11-46-11(1) is a hard-edged, mandatory rule which the Court strictly enforces." Univ. of Miss. Med. Ctr. v. Easterling, 928 So. 2d 815, 820 (Miss. 2006). Because filing a notice of claim as provided for in Miss. Code Ann. § 11-46-11 is jurisdictional, Plaintiff's failure to comply requires her state law claim be dismissed for lack of subject matter jurisdiction. Accordingly, Defendant's Motion to Dismiss Plaintiff's state law claim is granted, and Plaintiff's state law claim is dismissed without prejudice. Furthermore, Plaintiff's Motion to Voluntary Dismiss her State Law Claim is denied as moot.

Defendant additionally requests this Court award sanctions against Plaintiff's attorneys under its inherent powers for failing to comply with the MTCA notice requirements. Federal courts possess inherent power to assess attorney's fees and litigation costs when a party has "acted in bad faith, vexatiously, wantonly of for oppressive reasons." F.D. Rich Co. v. United States ex rel. Industrial Lumber, 417 U.S. 116, 129, 94 S. Ct. 2157, 40 L. Ed. 2d 703 (1974); Batson v. Neal Spelce Associates, Inc., 805 F.2d 546, 551 (5th Cir.1986). However, the Supreme Court has urged courts to be cautious and exercise this inherent power to sanction with restraint and discretion. Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980). The standards for imposition of this type of sanction are necessarily stringent. The court must only exercise this power when faced with abusive conduct. Batson, 805 F.2d at 550. Defendant has not established that Plaintiff's attorneys "acted in bad faith, vexatiously, wantonly or for oppressive

reasons." The Court is of the opinion that sanctions are not warranted in this case, and therefore, Defendant's request for sanctions is denied.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED this the 26th day of March, 2009.

>  /s/ Sharion Aycock
>  **UNITED STATES DISTRICT JUDGE**